UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS ALEJANDRO SEGUNDO,

Petitioner,

v.

LADEON FRANCIS, in his capacity as Acting Field Director, U.S. Immigration and Customs Enforcement; TODD LYONS, in his capacity as Acting Director, U.S. Immigration and Customs Enforcement; Markwayne MULLINS in his capacity as, Secretary of the U.S. Department of Homeland Security,

Respondents.

26-CV-5927 (RA)

ORDER GRANTING PRO BONO COUNSEL

RONNIE ABRAMS, United States District Judge:

On July 13, 2026, Modesto J. Alejandro filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on Petitioner's behalf as Petitioner's "next friend." Dkt. No. 1.

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. Petitioner's ability to present his case and conduct any related fact investigation are significantly limited due to his lack of legal training, incarceration, and the emergency nature of his

petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. The Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is thus no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

**CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Clerk of Court is further directed to mail a copy of this order to Petitioner and e-mail a copy to his next friend.

SO ORDERED.

Dated: July 20, 2026
New York, New York

Ronnie Abrams
United States District Judge